■ In the Matter of the Claim of DAVID BERGER, Respondent, against BOD-NER BAKERY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an employer and its carrier from a decision and award of the Workmen's Compensation Board granting claimant compensation for some 16 weeks of partial disability between August 20, 1955 and December 11, 1955. On October 8, 1952 claimant suffered an acute myocardial infarction while in the course of his employment with the appellant employer. He received an award for total disability for the period ending April 1, 1953 and for partial disability for a period ending January 18, 1954. On January 18, 1955

the case was marked closed with a finding of permanent partial disability. Claimant went back to work however, continuing his employment as a baker, and had no disability until August 20, 1955, when he suffered another heart attack in the nature of a coronary occlusion and myocardial infarction while at home. He applied to reopen the case that had been closed and sought compensation for periods of disability subsequent to August 20, 1955. Hearings were held and the Referee made an award on the ground the second heart attack was causally related to the first. On review the board reversed the Referee on the issue of causal relation, finding that the second heart attack was not causally related to the first. As a matter of fact a different artery was involved. However the board did not disturb the Referee's award, and determined that claimant was entitled to such award for reduced earnings during the period in question on the ground he had a continuing permanent partial disability causally related to the accident of October 8, 1952. There is no medical proof whatever that claimant's disability subsequent to August 20, 1955 was related to his first heart attack. It is sought to justify the board's decision upon a presumption that claimant's disability subsequent to August 20, 1955 was due to the permanent partial disability previously found by the board. To draw such an inference is somewhat repugnant to logic because after January, 1955 the claimant continued to work full time and suffered no disability until after August 20, 1955 when he had the second heart attack. It has been held that a presumption has no place in any case once the facts are fully developed, and fails in the presence of contrary evidence (*Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468). The fact that claimant's last period of disability followed immediately after his second heart attack amounts to evidence contrary to the presumption. In any event we think there is no occasion to rely upon a presumption when proof is readily available. If claimant's last disability was related to his first heart attack medical proof to sustain that fact should be readily available. In the absence thereof there is no substantial evidence in the record to sustain the board's finding. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the board. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.